**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>       v.<br><br>TREEHOUSE FOODS, INC., SAM K. REED, DENNIS F. RIORDAN and CHRISTOPHER D. SLIVA,<br><br>                Defendants. | Case No.: 16-CV-10632<br><br>Judge Robert M. Dow, Jr. |

**ORDER GRANTING AN AWARD OF LEAD COUNSEL'S ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, LEAD PLAINTIFF'S PSLRA AWARD, AND APPROVING PLAN OF ALLOCATION OF NET SETTLEMENT FUND**

This matter came for a duly noticed hearing on November 16, 2021 (the "Fairness Hearing"), upon Lead Plaintiff's Motion for Final Settlement Approval, an Award of Attorneys' Fees, Reimbursement of Expenses, and Approval of Plan of Allocation (the "Motion") in the above-captioned action (the "Action"). The Court has considered the Motion, including the Fee and Expense Application, Lead Plaintiff's PSLRA Award, the proposed plan of allocation of the Net Settlement Fund, and all supporting and other related materials, including the matters presented at the Fairness Hearing. Due and adequate notice of the Stipulation of Settlement with Defendants entered into on July 13, 2021 (the "Settlement Agreement") having been given to the Class Members; the Fairness Hearing having been held; and the Court having considered all papers filed and proceedings conducted herein, having found the Settlement of the Action to be fair, reasonable

and adequate, and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. Unless otherwise defined herein, all capitalized terms used herein shall have the same meanings set forth and defined in the Settlement Agreement.

2. This Court has personal jurisdiction over Lead Plaintiff, Defendants, and all Class Members who have not timely and validly requested exclusion and subject matter jurisdiction over the Action to approve the Settlement Agreement and all exhibits attached thereto.

3. Notice of the Fee and Expense Application, and the Plan of Allocation, was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable laws and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. The Court hereby finds and concludes that the formula for the calculation of the claims of Claimants as set forth in the Plan of Allocation provided and made available to Settlement Class Members provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund among Settlement Class Members with due consideration having been given to administrative convenience and necessity.

5. The Court hereby finds and concludes that the Plan of Allocation is, in all respects, fair and reasonable to the Settlement Class. Accordingly, the Court hereby approves the Plan of Allocation proposed by Lead Plaintiff.

6. The Court hereby awards Lead Counsel attorneys' fees of 25% of the Settlement Fund (or $6,750,000) and litigation expenses of $327,242.20, together with interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid.

7. Lead Counsel is hereby authorized to allocate the attorneys' fees award in a manner in which, in Lead Counsel's good faith judgment, reflects the contributions of such counsel to the institution, prosecution and settlement of the Action.

8. The Court finds that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method considering, among other things that:

   a. the Fee Award is in accord with Seventh Circuit authority and consistent with fee awards in similar cases;

   b. the contingent nature of the Action favors the Fee Award;

   c. the quality of legal services provided by Lead Counsel produced the Settlement;

   d. Lead Counsel's lodestar supports the reasonableness of the Fee Award; and

   e. the reaction of the Class to the Fee and Expense Application supports the fee awarded.

9. Consistent with the explanation provided on the record during the Fairness Hearing, the Court hereby awards Lead Plaintiff Public Employees' Retirement System of Mississippi a PSLRA Award of $ 47,935 for its service as Lead Plaintiff in this Action.

10. In the event that the Settlement is terminated or the Effective Date does not occur in accordance with the terms of the Settlement, this Order shall be null and void, of no further force or effect, and without prejudice to any of the Parties, and may not be introduced as evidence or used in any actions or proceedings by any Person against the Parties.

11. The Fee and Expense Application and Lead Plaintiff's PSLRA Award awarded herein may be paid to Lead Counsel and Lead Plaintiff from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Settlement Agreement which terms, conditions, and obligations are incorporated herein. party given the inability of both sides to interview or depose those individuals prior to the hearing.

Dated: November 18, 2021

                                                                   
Robert M. Dow, Jr.
United States District Judge