UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TREEHOUSE FOODS, INC., SAM K. REED, DENNIS F. RIORDAN and CHRISTOPHER D. SLIVA,<br><br>Defendants. | Case No.: 16-CV-10632<br><br><br><br>Judge Robert M. Dow, Jr. |

## FINAL ORDER AND JUDGMENT

On the 16 day of November, 2021, a hearing having been held before this Court pursuant to the Order Preliminarily Approving Settlement dated July 28, 2021 (the "Preliminary Approval Order"), to determine: (1) whether the terms and conditions of the Stipulation of Settlement dated July 13, 2021 (the "Settlement Agreement" or the "Settlement"), are fair, reasonable, and adequate for the settlement of all claims asserted by Lead Plaintiff Public Employees' Retirement System of Mississippi on behalf of the Class (as defined in paragraph 3 herein) against the Defendants (TreeHouse Foods, Inc., Sam K. Reed, Dennis F. Riordan, and Christopher D. Sliva) now pending in this Court under the above-caption (the "Litigation"), including the release of the Released Persons[1], and should be approved; (2) whether judgment

---

[1] "Released Persons" means each and all of the Defendants and each Defendant's respective former, present or future parent companies, controlling shareholders, subsidiaries, divisions and affiliates and the respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors, accountants, auditors, and insurers and reinsurers of each of them; and the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them.

should be entered dismissing the Litigation on the merits and with prejudice; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the Settlement proceeds among the Class Members (defined below); and (4) whether, and in what amount, to award Lead Counsel[2] fees and expenses and Lead Plaintiff's expenses. The Court having considered all matters submitted to it at the Settlement hearing and otherwise; and it appearing that a notice of the Settlement hearing, substantially in the form approved by the Court, was mailed to all individuals and entities, reasonably identifiable, who purchased TreeHouse common stock on the open market between January 20, 2016, and November 2, 2016, inclusive (the "Class Period"), as shown by the records compiled by the Claims Administrator[3] in connection with its mailing of notice of the Settlement, at the respective addresses set forth in such records, and that a summary notice of the hearing, substantially in the form approved by the Court, was published pursuant to the Preliminary Approval Order as set forth in the Declaration of Chet B. Waldman (collectively, the "Notice"); and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested by Lead Counsel;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of this Litigation and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and of the Class Members.

2. This Judgment incorporates and makes a part hereof: (i) the Settlement Agreement; and (ii) the Notice. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Settlement Agreement.

---

[2] Lead Counsel is Wolf Popper LLP.
[3] The Claims Administrator is A.B. Data, Ltd.

3. On February 26, 2020, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certified a Class defined as: all persons or entities ("Persons") who purchased TreeHouse common stock on the open market during the Class Period and who were damaged thereby. Excluded from the Class are: Defendants (TreeHouse, Sam K. Reed, Dennis F. Riordan, and Christopher B. Sliva), the officers and directors of TreeHouse, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Class is any Person who satisfies the criteria for being a "Class Member" but validly and timely requests exclusion in accordance with the requirements set by the Court.

4. Notice of the pendency of this Litigation as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The Court finds that the form and method of notifying the Class of the pendency of this Litigation as a class action and of the terms and conditions of the proposed Settlement: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances to apprise Class Members of (i) the pendency of the Litigation; (ii) the effect of the proposed Settlement (including the releases to be provided thereunder); (iii) Lead Counsel's request for fees, expenses and Lead Plaintiff's expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's request for fees and expenses and Lead Plaintiff's expenses; (v) their right to exclude themselves from the Class; and (vi) their right to appear at the Settlement hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21 of the Securities

Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4, *et seq.*, and all other applicable laws and rules.

5. Defendants have complied with the Class Action Fairness Act of 2005, 28 U.S.C. §1715. Defendants timely mailed notice of the Settlement pursuant to 28 U.S.C. §1715(b), including notices to the Attorney General of the United States of America, and the Attorneys General of all States in which Class Members reside. The notice contains the documents and information required by 28 U.S.C. §1715(b)(1)-(8). The Court finds that Defendants have complied in all respects with the requirements of 28 U.S.C. §1715.

6. There have been no objections to the Settlement.

7. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation, the amount of the Settlement, the release provided for therein, and the dismissal with prejudice of the claims asserted in the Litigation), and finds that the Settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the Class. Subject to the terms and provisions of the Settlement Agreement and the conditions therein being satisfied, the Parties are directed to consummate the Settlement.

8. All of the claims asserted in the Litigation are hereby dismissed in their entirety with prejudice. Lead Plaintiff, Defendants, and the Class Members shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement.

9. The terms of the Settlement Agreement and of this Judgment shall be forever binding on Lead Plaintiff, Defendants, and all other Class Members (regardless of whether or not

any individual Class Member submits a Claim Form[4] or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The Persons listed on Exhibit 1 hereto are excluded from the Class pursuant to their request and are not bound by the terms of the Settlement Agreement or this Judgment.

10. Any and all claims, causes of action, demands, rights, potential actions, liabilities, duties, damages, losses, diminutions in value, obligations, agreements, suits, fees, attorneys' fees, export or consulting fees, debts, expenses, fines, costs, penalties and sanctions of every nature and description whatsoever, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, that Lead Plaintiff or any other Class Member asserted in the Litigation or could have asserted, or could in the future assert, whether known or unknown, contingent or absolute, liquidated or not liquidated, accrued or unaccrued, suspected, or unsuspected, disclosed or undisclosed, foreseen or unforeseen, in any forum that arise out of or are based upon or related in any way to (a) the purchase of TreeHouse common stock during the Class Period, and (b) the subject matter, allegations, transactions, acts, facts, matters, occurrences, representations, statements, or omissions involved, set forth, or referred to in the Litigation are hereby released by Lead Plaintiff and the Class Members who have not excluded themselves from the Class (as set forth on Exhibit 1 hereto) against Defendants and their Related Parties (the "Released

---

[4] The Claim Form is the form submitting a claim that each member of the Class must complete and submit to share in a distribution of the Net Settlement Fund. The Net Settlement Fund is the $27 million Settlement amount plus interest being paid by or on behalf of Defendants (the "Settlement Fund") less: (i) any Court-awarded attorneys' fees, expenses, and interest thereon; (ii) notice and administration expenses; (iii) taxes and tax expenses; and (iv) other Court-approved deductions.

Claims").[5] Excluded from the definition of Released Claims is any derivative claim brought by a TreeHouse shareholder purportedly on behalf of TreeHouse.

11. Any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Litigation, except for claims relating to the enforcement of the Settlement, are released by Defendants against Lead Plaintiff and the Class Members (the "Released Defendants' Claims").

12. Unknown Claims means (a) any and all Released Claims that Lead Plaintiff, Lead Counsel, or any Class Member does not know or suspect to exist in their favor at the time of the release of the Released Persons, which, if known by them, might have affected their settlement with and release of the Released Persons, or might have affected their decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and (b) any and all Released Defendants' Claims that the Released Persons do not know or suspect to exist in their favor at the time of the release of Lead Plaintiff, Lead Counsel, or any Class Members, which, if known by them, might have affected their settlement and release of Lead Plaintiff, Lead Counsel, or any Class Members. With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon entry of this Judgment, the Settling Parties shall expressly waive and each of the

---

[5] The Related Parties mean each Defendant's respective former, present or future parent companies, subsidiaries, divisions and affiliates and the respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors, accountants, auditors, and insurers and reinsurers of each of them; and the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

Settling Parties shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

13. The Settling Parties (as defined in the Settlement Agreement) shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Settling Parties acknowledge that they may hereafter discover facts in addition to or different from those which they or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but the Settling Parties shall expressly settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged,

that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

14. Upon entry of this Judgment, Lead Plaintiff and all Class Members are hereby permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against Defendants or any Released Persons in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any other claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Litigation of the Released Claims, regardless of whether such Class Member executes and delivers a Claim Form.

15. Upon entry of this Judgment, Lead Plaintiff and all Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons. Lead Plaintiff and all Class Members are bound by this Judgment, including, without limitation, the release of claims as set forth in the Settlement Agreement. The Released Claims are hereby compromised, settled, released, discharged, and dismissed as against the Released Persons on the merits and without prejudice by virtue of the proceedings herein and this Judgment.

16. Upon entry of this Judgment, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members, and Lead Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Defendants' Claims.

17. Pursuant to the PSLRA, upon entry of this Judgment, all claims by any individual or entity for contribution or indemnity arising out of the Litigation, however such claims are denominated, shall be barred against the Released Persons.

18. The Court finds that TreeHouse has satisfied its financial obligations under the Settlement Agreement by causing to be paid $27,000,000 to the Settlement Fund.

19. Except as set forth in paragraph 20 below, neither this Judgment nor the Settlement Agreement, and any discussion, negotiation, proceeding, or agreement relating to the Settlement, or any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, as provided for in Paragraph 9 of the Settlement Agreement.

20. Notwithstanding the foregoing, the Released Persons and their respective counsel may refer to or file the Settlement Agreement and/or this Judgment in any action that may be brought against them in order to support a defense, claim, or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim or otherwise to enforce the terms of the Settlement.

21. The Court finds and concludes that Lead Plaintiff, Lead Counsel, Defendants, and Defendants' counsel have complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of this Litigation.

22. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any request for attorneys' fees and expenses shall in no way disturb or affect this Judgment and

shall be considered separate from this Judgment. Separate orders shall be entered regarding approval of a Plan of Allocation and Lead Counsel's request for an award of attorneys' fees and expenses.

23. Any appeal or any challenge affecting the approval of: (a) the Plan of Allocation submitted by Lead Counsel; and/or (b) the Court's approval of Lead Counsel's requests for attorneys' fees and expenses shall in no way disturb or affect the finality of the other provisions of this Judgment.

24. There is no just reason for delay in the entry of this Judgment as a final judgment in this Litigation and immediate entry by the Clerk of the Court is expressly directed.

Dated: September 17, 2021

_____
Robert M. Dow, Jr.
United States District Judge